UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| NICOLE IVETTE MEZA,<br><br>        Petitioner,<br>v.<br>WARDEN NEVEN, *et al.*,<br><br>        Respondents. | Case No. 2:19-cv-00230-GMN-PAL<br><br>ORDER |

This *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 comes before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and for consideration of petitioner's application for leave to proceed *in forma pauperis* (ECF No. 1).

The Court finds that petitioner is able to the pay the filing fee. Accordingly, the application for leave to proceed *in forma pauperis* will be denied. Petitioner will be required to pay the $5.00 filing fee within thirty days of the date of this order, or this action will be dismissed without prejudice.

Following review of the petition, the Court will order petitioner to show cause why it should not be dismissed as untimely.[1]

Petitioner in this action challenges her state court judgment of conviction, pursuant to guilty plea, of conspiracy to commit murder, murder with use of a deadly weapon, and robbery with use of a deadly weapon in Clark County Case No. 285960-2. (ECF No. 1-1 at 2). Judgment

---

[1] The Court does not hereby imply that the petition is otherwise free of deficiencies. All remaining deficiencies will be addressed, if necessary, following petitioner's response to the order to show cause.

1

of conviction was entered on March 7, 2014. Petitioner did not file a direct appeal. (*Id.* at 1). The state court dockets do not reflect entry of any intervening judgment of conviction.[2]

On July 31, 2017, petitioner filed a petition for writ of habeas corpus in state court. The state courts denied that petition as procedurally barred as it was filed well after the expiration of the state statute of limitations. (*Id.* at 19-27). Remittitur on the Nevada Court of Appeals' order in the state habeas matter issued on September 24, 2018. (*Id.* at 18). Thereafter, petitioner file her federal habeas petition on January 29, 2019. (*Id.* at 1).

Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless otherwise tolled or subject to delayed accrual, begins running after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such direct review." The federal limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2).

Because petitioner did not file a direct appeal, her conviction became final when the time for filing a direct appeal expired, or on April 7, 2014.[3] The federal statute of limitations thus began to run the following day, and absent a basis for tolling or other delayed accrual, expired a year later, on April 7, 2015. The instant petition, filed more than three-and-a-half years later, is therefore untimely on its face. Petitioner must show cause why the petition should not be dismissed with prejudice as time-barred under § 2244(d).

In this regard, petitioner is informed that the one-year limitation period may be equitably tolled. Equitable tolling is appropriate only if the petitioner can show that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999), and "the threshold necessary

---

[2] The docket in petitioner's criminal case may be accessed via https://www.clarkcountycourts.us/Portal/Home/Dashboard/29 (last accessed Feb. 13, 2019).

[3] The time for filing a direct appeal in Nevada is thirty days, and thirty days after March 7, 2014, is April 6, 2014. However, April 6, 2014, was a Sunday, so the time for filing a direct appeal expired the next court date, on Monday, April 7, 2014.

2

to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." *Miranda*, 292 F.3d at 1065. She accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of her filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). *Accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

Petitioner further is informed that, under certain circumstances, the one-year limitation period may begin running on a later date or may be statutorily tolled. *See* 28 U.S.C. § 2244(d)(1)(B), (C), (D) & (d)(2).[4]

Petitioner further is informed that if she seeks to avoid application of the limitation period based upon a claim of actual innocence, she must come forward with new reliable evidence tending to establish actual factual innocence, *i.e.*, tending to establish that no juror acting reasonably would have found her guilty beyond a reasonable doubt. *See McQuiggin v. Perkins*, 569 U.S. 383 (2013); *House v. Bell*, 547 U.S. 518 (2006); *Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011) (en banc). In

---

[4] Subparagraph (d) of § 2244 provides in full:

    (1) A 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

        (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

        (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

this regard, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 624, 623 (1998).

In accordance with the foregoing, IT IS THEREFORE ORDERED that petitioner's application for leave to proceed *in forma pauperis* (ECF No. 1) is DENIED. Petitioner shall have thirty days from entry of this order within which to have the filing fee of $5.00 sent to the Clerk of Court. Failure to timely comply with this order will result in the dismissal of this action without further advance notice.

The Clerk shall send petitioner two copies of this order. Petitioner shall make the necessary arrangements to have a copy of this order attached to the check for the filing fee.

IT IS FURTHER ORDERED that petitioner shall SHOW CAUSE within thirty days of the date of this order why the action should not be dismissed as untimely. If petitioner does not timely respond to this order, the petition will be dismissed with prejudice without further advance notice. If petitioner responds but fails to show with specific, detailed and competent evidence why the petition should not be dismissed as untimely, the action will be dismissed with prejudice.

IT IS FURTHER ORDERED that all assertions of fact made by petitioner in response to this show cause order must be detailed, must be specific as to time and place, and must be supported by competent evidence. The Court will not consider any assertions of fact that are not specific as to time and place, that are not made pursuant to a declaration under penalty of perjury based upon personal knowledge, and/or that are not supported by competent evidence filed by petitioner in the federal record. Petitioner must attach copies of all materials upon which she bases her argument that the petition should not be dismissed as untimely. Unsupported assertions of fact will be disregarded.

IT IS SO ORDERED.

DATED THIS 14 day of Feb 2019.

GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE