UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| NICOLE IVETTE MEZA,<br><br>                         Petitioner,<br>v.<br>WARDEN NEVEN, *et al.*,<br><br>                         Respondents. | Case No. 2:19-cv-00230-GMN-PAL<br><br>ORDER |

This *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 comes before the Court following petitioner's response to the order to show cause why the petition should not be dismissed as untimely.

Petitioner challenges her state court judgment of conviction, pursuant to guilty plea, of conspiracy to commit murder, murder with use of a deadly weapon, and robbery with use of a deadly weapon in Clark County Case No. 285960-2. (ECF No. 1-1 at 2). Judgment of conviction was entered on April 8, 2014.[1] Petitioner did not file a direct appeal. (*Id.* at 1). The state court dockets do not reflect entry of any intervening judgment of conviction.[2]

On July 31, 2017, petitioner filed a petition for writ of habeas corpus in state court. The state courts denied that petition as procedurally barred as it was filed well after the expiration of the state statute of limitations. (*Id.* at 19-27). Remittitur on the Nevada Court of Appeals' order in the state habeas matter issued on September 24, 2018. (*Id.* at 18). Thereafter, petitioner filed her federal habeas petition on January 29, 2019. (*Id.* at 1).

---

[1] The Court previously identified the date of entry of judgment as March 7, 2014, in accordance with petitioner's representation in her petition. However, following review of petitioner's criminal court docket and the state courts' written findings, it is clear that the judgment of conviction was actually entered on April 8, 2014.

[2] The docket in petitioner's criminal case may be accessed via https://www.clarkcountycourts.us/Portal/Home/Dashboard/29 (last accessed Apr. 19, 2019).

1

Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless otherwise tolled, begins running from the latest of

>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." *Id.* § 2244(d)(2).

Because petitioner did not file a direct appeal, her conviction became final when the time for filing a direct appeal expired, on May 8, 2014. The federal statute of limitations thus began to run the following day, and absent a basis for tolling or other delayed accrual, expired a year later, on May 8, 2015. Her state post-conviction petition, filed after the expiration of the federal statute of limitations and, being denied as untimely, not "properly filed," did not statutorily toll the limitations period. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005). The instant petition was filed on or about January 29, 2019, more than three years and eight months after this date, and is therefore untimely. (ECF No. 1-1 at 1).

Petitioner appears to argue her petition should be deemed timely due to a combination of equitable tolling, discovery of new evidence, and new U.S. Supreme Court law.

To the extent petitioner asserts that *Miller v. Alabama*, 567 U.S. 460 (2012) renders her petition timely, the argument is without merit.[3] Even assuming *Miller,* and the case holding it

---

[3] Although petitioner cites only *Miller*, the Court infers that she also meant to cite *Montgomery v. Louisiana*, -- U.S. --, 136 S. Ct. 718 (2016), which held that the law created by *Miller* was retroactively applicable on collateral review.

2

retroactively applicable on collateral review -- *Montgomery v. Louisiana*, -- U.S. --, 136 S. Ct. 718 (2016) -- could provide petitioner a basis for relief, the petition was filed more than a year after the latest of these decisions. The petition cannot be deemed timely on the grounds of new constitutional law.

Petitioner also asserts that she recently discovered evidence that her trial attorney was suspended for conduct that occurred during the timeframe in which she was representing petitioner. (ECF No. 4 at 1). However, the evidence petitioner offers does not support any conclusion that her attorney's misconduct had anything to do with her representation of petitioner or that she performed deficiently in petitioner's case. This is not therefore either newly discovered evidence or a basis for equitable tolling.

Finally, petitioner asserts that she has faced "one hindrance after another," presumably arguing she is entitled to equitable tolling. Equitable tolling is appropriate only if the petitioner can show that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." *Miranda*, 292 F.3d at 1065. She accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of her filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). *Accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

The Ninth Circuit has "adopted the 'stop clock' approach to analyzing claims for equitable tolling. "[T]he statute-of-limitations clock stops running when extraordinary circumstances first arise, but the clock resumes running once the extraordinary circumstances have ended or when the petitioner ceases to exercise reasonable diligence, whichever occurs earlier." *Luna v. Kernan*, 784 F.3d 640, 651 (9th Cir. 2015) (citing *Gibbs v. Legrand*, 767 F.3d 879, 891-92 (9th Cir. 2014)).

Petitioner asserts there have been many changes to the administration for the law library at her institution, making it difficult for her to make appointments and work on her case. (ECF No. 4 at 2). But she is not specific as to when she encountered such difficulties or how exactly it impeded preparation of her federal habeas petition. This vague and conclusory allegation therefore does not support a claim of equitable tolling.

Petitioner also asserts that she twice moved for extensions of time to file her state habeas petition, both of which were denied. She filed the first motion on March 31, 2015, and the state court denied it on May 5, 2015. (ECF No. 4 at 2-3). On June 5, 2015, she filed another motion for extension of time and claims she never received a response, although the state court record indicates the motion was denied. (*Id.*) To the extent petitioner asserts that she is entitled to tolling during the time she believed her second motion was pending in state court, the argument is without merit. First, petitioner did not file the second motion until after the federal limitations period had already expired. Second, even assuming petitioner never received a response to her second motion for extension of time, she waited two years to eventually file her state habeas petition.[4] Petitioner cannot show she was diligent in waiting this length of time without ever following up on the status of her request, particularly where she had filed her request on the heels of her another request for extension of time being denied.

Finally, petitioner asserts her attorney did not provide her the entire file, and she still has not received some of the files, which are contained on a C.D. that she cannot have at the institution. (*Id.* at 4). Petitioner asserts that she filed a motion to compel production of the missing files, which the state court denied on May 5, 2015. (ECF No. 1-1 at 4). The complete lack of a case file might, under some circumstances, justify equitable tolling, *see Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1013 (9th Cir. 2009); *Lott v. Mueller*, 304 F.3d 918, 924-25 (9th Cir. 2002), if "the hardship caused by lack of access to his materials was an extraordinary circumstance that caused" the untimely filing of his federal petition. *See Waldron-Ramsey*, 556 F.3d at 1013. Here, however, petitioner has not alleged how the missing documents prevented the timely filing of her federal petition. In particular, considering the claims asserted in the petition, which do not attack the

---
[4] Petitioner filed her state petition on July 31, 2017. (ECF No. 1-1 at 5).

4

voluntariness of the plea, and petitioner's disavowal of any claim actual innocence, it is difficult for the Court to see how she may have been hindered in preparing her petition. Of course, it is impossible to make this determination without further factual development. But the Court concludes that further factual development is not needed in this case. Regardless of the impact not having her complete file had on petitioner's ability to prepare her petition, petitioner has completely failed to argue or demonstrate to the Court that she has been diligent. Petitioner waited until the eve of the expiration of both the federal and state statutes of limitation to seek the remainder of her file and then did nothing for more than two years after her efforts were denied before filing her state petition. Even considering petitioner's belief that she had a pending motion for extension of time in state court does not change this result, as the motion was filed after the federal statute of limitations had already expired and had no bearing on the timeliness of her federal petition at any rate. Because petitioner has made no specific assertions requiring further factual development on this point, the Court concludes that she has failed to support a claim of equitable tolling in this case.

In short, petitioner has not established an entitlement to equitable tolling, or made sufficient allegations to require further development of her claim. The petition, filed nearly four years after the expiration of the AEDPA statute of limitations, is therefore untimely and must be dismissed.

In accordance with the foregoing, IT IS THEREFORE ORDERED that the petition for writ of habeas corpus in this case is dismissed with prejudice as untimely.

IT IS FURTHER ORDERED that petitioner is DENIED a certificate of appealability, as jurists of reason would not find the court's dismissal of the petition as untimely to be debatable or wrong.

The Clerk of Court shall enter final judgment accordingly and CLOSE this case.

IT IS SO ORDERED.

DATED THIS 22 day of April 2019.

GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE